Filed 10/22/15  P. v. Harvey CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMES O. HARVEY,<br><br>    Defendant and Appellant. | D067922<br><br><br>(Super. Ct. No. SCD256543) |


APPEAL from a judgment of the Superior Court of San Diego County, David J.

Danielsen, Judge.  Affirmed as modified.

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant

and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, Andrew S.

Mestman and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

On June 26, 2014, James O. Harvey entered a guilty plea to one count of

possession of a controlled substance without a prescription (Health & Saf. Code, § 11350,

subd. (a)), then a felony. Harvey was sentenced to eight months in prison, to be served locally.

In December 2014, Harvey filed a petition under Proposition 47 (Pen. Code,[1] § 1170.18; the Safe Neighborhoods and Schools Act of 2014) for resentencing. The trial court granted the relief and reduced the offense to a misdemeanor. The court imposed the same custody period as before but added a one-year parole period. The court also imposed the same $300 restitution fine as previously ordered.

Harvey appeals contending the court erred in adding a one-year parole period, and that his excess credits should be counted against the parole period. Harvey also argues the restitution fine should be reduced because the minimum restitution fine for a misdemeanor is $150.

The People agree the parole period should be stricken and thus the other arguments about credits are moot. The People also argue there was no abuse of discretion by the court in setting the restitution fine at $300. In any event they contend the issue of the fine amount has been waived by failure to object in the trial court.

We agree with the parties that the parole period must be stricken. In our view that renders the credit issues moot. With regard to the fine, we find the issue has been

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

forfeited. Thus, we will direct the trial court to strike the parole term. In all other respects we will affirm.[2]

DISCUSSION

I

*PAROLE TERM*

Harvey contends the trial court erred in imposing a one-year parole period after he was resentenced to a misdemeanor pursuant to section 1170.18. The People agree and ask that we strike the parole term.

Section 1170.18, subdivision (d) provides in part: "A person who is resentenced pursuant to subdivision (b) shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence, unless the court, in its discretion, as part of its resentencing order, releases the person from parole."

Section 1170.18, subdivision (e) provides: "Under no circumstances may resentencing under this section result in the imposition of a term longer than the original sentence."

In *People v. Pinon* (2015) 238 Cal.App.4th 1232 (*Pinon*), the court held that the added one-year parole period upon resentencing is an additional term within the meaning of section 1170.18, subdivision (e). (*Pinon, supra,* at p. 1238.) The People do not challenge the reasoning of the *Pinon* decision.

---

[2]    The facts of the underlying offense are not relevant to any issue presented by this appeal. Therefore, we will omit the traditional statement of facts.

3

We agree with the court's analysis in *Pinon, supra,* 238 Cal.App.4th 1232 and therefore we accept the People's concession and will strike the parole term. Harvey's additional arguments about entitlement to credits against the parole term are moot in light of our disposition.

II

*RESTITUTION FINE*

At the original felony sentencing in this case the court imposed the minimum $300 restitution fine. When the court resentenced Harvey it imposed the original $300 fine. Harvey did not object to the fine or the amount.

On appeal, counsel contends the court erred in not reducing the fine to $150 which is the minimum fine for misdemeanor sentences. We find the issue has been forfeited by failure to raise it in the trial court.

Section 1202.4, subdivision (b)(1) requires that persons convicted of a felony pay a restitution fine of not less than $300, nor more than $10,000. In the case of persons convicted of misdemeanors the fine is not less than $150 nor more than $1,000.

The fine imposed was well within the range of fines appropriate for the newly sentenced misdemeanor. Harvey argues the fine is unauthorized because the court did not exercise its discretion. We disagree. Where the court imposes a fine within the lawful range of fines, the absence of a timely objection deprives this court of a record on which to review the court's exercise of discretion. Failure to timely raise sentencing issues in the trial court forfeits such issues for appellate review. (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218; *People v. Scott* (1994) 9 Cal.4th 331, 355-357.)

4

DISPOSITION

The one-year parole period added to Harvey's term upon resentencing is ordered stricken.  The superior court is ordered to modify its minutes accordingly.  In all other respects the judgment is affirmed.


                                                              HUFFMAN, Acting P. J.

WE CONCUR:


                    NARES, J.


                    PRAGER, J.*

---

*        Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.